IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MEGAN ANDERSON,

    Plaintiff,

v.                                                No. Civ. 03-0476 JP/RLP

UNIVERSITY OF NEW MEXICO, a State-owned
educational facility d/b/a THE DAILY LOBO, a
New Mexico publication, and ANGELA WILLIAMS

    Defendants.

**MEMORANDUM OPINION AND ORDER**

        On February 27, 2003, Plaintiff, Megan Anderson, brought a civil action in the Second Judicial District Court of Bernalillo County against Defendants, University of New Mexico, The Daily Lobo, and Angela Williams. In her First Amended Complaint Plaintiff alleged that Defendants violated her "Federal constitutional right to privacy" as guaranteed under the "Bill of Rights, including the Tenth Amendment to the United States Constitution." (Doc. No. 1). Defendants removed the action to United States District Court for the District of New Mexico. On April 21, 2003, Defendants filed a Motion to Dismiss for Failure to State a Claim for Which Relief May Be Granted. (Doc. No. 3). Having considered the parties' arguments and the relevant law, the Court concludes that Defendants' motion should be denied.

Background

        The New Mexico Daily Lobo ("The Daily Lobo") is a newspaper published by the Board of Student Publications of the University of New Mexico. On September 5, 2002, The Daily Lobo published an editorial article ("the Article") that it received by e-mail titled "Rape Possible

Even With Most Trustworthy Friends." The author of the Article claimed to have been raped by several men in the UNM dorms. The Article identified the author as "M. Anderson," a "UNM student," who was "a girl...a junior majoring in business." (Doc. No. 1). As editor for The Daily Lobo, Angela Williams approved the Article for publication in The Daily Lobo newspaper and on its Internet site.

Plaintiff's First Amended Complaint asserts that she neither wrote nor submitted the Article and the Article is completely false. Plaintiff argues that the Article did not conform to The Daily Lobo's submission policy that requires all editorial letters to include the author's name, phone number, and affiliation with the University. Plaintiff also alleges that the Article submitted to The Daily Lobo did not include a telephone number and was therefore ineligible for publication. Plaintiff contends that Defendants did not attempt to contact Plaintiff or to verify the authorship or statements in the Article, which resulted in the publication's false identification of Plaintiff as the author of the Article.

Plaintiff states that after she notified The Daily Lobo of the error, The Daily Lobo published a "correction." Plaintiff claims the "correction" is vague, inadequate, and insufficient compensation for the damages to her reputation and emotions because the "correction" failed to acknowledge that Plaintiff was not the author of the Article and that the Article was false.

In her First Amended Complaint, Plaintiff states that the disclosure of personal matters implicates a privacy interest lying within the penumbra of specific guarantees found in the Bill of Rights, including the Tenth Amendment to the United States Constitution. Furthermore, Plaintiff claims that because she is a private citizen she has an elevated expectation of privacy. Plaintiff argues that Defendants' publication of private, unverified, and untrue matters regarding Plaintiff

violated her federal constitutional right to privacy and caused her to suffer injuries. Plaintiff contends that Defendants must compensate her for their violation of Plaintiff's constitutional right to privacy.

42 U.S.C. § 1983

Defendants argue in their Motion to Dismiss that Plaintiff must bring her claim under 42 U.S.C. § 1983, and because Plaintiff failed to allege specifically a cause of action according to § 1983, her claim has to be dismissed. (Doc. No. 3). Plaintiff responds that even though she did not cite 42 U.S.C. § 1983 in her First Amended Complaint, Plaintiff had established a cause of action under 42 U.S.C. § 1983 by stating a violation of her federal Constitutional right to privacy. (Doc. No. 4).

Although Plaintiff's First Amended Complaint never mentioned 42 U.S.C. § 1983, Defendants were aware of the nature of Plaintiff's allegations. In the Notice of Removal, Defendants referred to the alleged violation of Plaintiff's "Federal constitutional right to privacy" as guaranteed under the "Bill of Rights, including the Tenth Amendment to the United States Constitution." (Doc. No. 1). Plaintiff's First Amended Complaint makes sufficient factual allegations to place Defendants on notice that Plaintiff is proceeding under a right to privacy theory, which, as Defendants acknowledge, is a civil rights claim properly brought under 42 U.S.C. § 1983. Hence, unless Plaintiff amends her complaint to broaden her allegations, she will be limited to arguing a deprivation of her constitutional right to privacy under 42 U.S.C. § 1983.

Defendants' Motion to Dismiss

In order to make a claim under 42 U.S.C.A. § 1983, Plaintiff must initially show that (1) the conduct complained of was committed by a person acting "under color of state law;" and (2)

this conduct deprived Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).  The essential question is whether the authority of a state has been involved in the challenged action so that liability will attach.  Without some action taken by a defendant under the color of state law, the court may not impose § 1983 liability on private actors.  *Yeo v. Town of Lexington*, 131 F.3d 241, 248 (1st Cir. 1997) (en banc).

Defendants contended for the first time in their reply brief that The Daily Lobo's relationship to the state is insufficient to meet the § 1983 standard for state action.  Although Plaintiff nowhere explicitly alleged state action in her First Amended Complaint, Plaintiff asserts in Plaintiff's Memorandum in Support of Plaintiff's Opposition to Motion to Dismiss (Doc. No. 5) that Defendants were acting under color of state law when they published the Article in The Daily Lobo.  Addressing each Defendant in turn, Plaintiff argues that the color of state law requirement is satisfied because (1) Defendant University of New Mexico is a state owned entity; (2) Defendant The Daily Lobo is owned and operated by Defendant University of New Mexico; and (3) Defendant Angela Williams was an agent acting on behalf of and for Defendant University of New Mexico and Defendant The Daily Lobo.

Defendants argue that school newspapers are not, per se, state actors, citing *Leeds v. Meltz*, 898 F. Supp. 146, 148 (E.D.N.Y. 1995), *Sinn v. The Daily Nebraskan*, 829 F.2d 662, 666 (8th Cir.1987), and *Yeo v. Town of Lexington*, 131 F.3d 241, 248 (1st Cir. 1997) (en banc).  These cases held that without some evidence of editorial control by a state official, the actions of an independent editorial board of a school newspaper cannot be attributed to the state.

As the Court of Appeals for the First Circuit has observed, the "state action inquiry is necessarily fact bound." *Yeo*, 131 F.3d at 249. In the pleadings and briefs, the parties have not described the degree of regulation and control exerted by the University of New Mexico over The Daily Lobo. Without additional information detailing the University of New Mexico's control (or lack thereof) over The Daily Lobo's editorial decisions, the Court is reluctant to dismiss, with prejudice, Plaintiff's claim. Since it is possible, in theory, that the University of New Mexico exerts sufficient influence over The Daily Lobo to make it a state actor, Plaintiff should be allowed to further amend her complaint to allege state action, if she can do so consistent with Fed. R. Civ. P. 11. If Plaintiff does not timely amend to allege state action, Defendants' motion to dismiss will be granted. If Plaintiff timely and adequately alleges state action, Defendants' motion to dismiss under Rule 12(b)(6) will be denied, but Defendants will be permitted to file a motion for Summary Judgment under Rule 56 on the state action issue if supported by admissible evidence.

IT IS THEREFORE ORDERED that:

(1) By August 5, 2003, Plaintiff may file a Second Amended Complaint to allege state action and if Plaintiff timely and adequately does so, Defendants' Motion to Dismiss will be denied, and

(2) If Plaintiff fails to timely and adequately allege state action, Defendants' Motion to Dismiss will be granted.

*/s/ James A. Parker*
CHIEF UNITED STATES DISTRICT JUDGE

5